IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY TUTEN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **FRANKLIN J. TENNIS ET AL.** | : | **NO. 06-1872** |

### MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                                 **AUGUST 13, 2008**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Henry Tuten ("Tuten"). Tuten is presently incarcerated at SCI Rockview in Bellefonte, Pennsylvania. The Honorable L. Felipe Restrepo, United States Magistrate Judge ("Judge Restrepo"), filed a Report and Recommendation ("R&R") that the habeas petition be denied. For the reasons that follow, the R&R will be approved and adopted, and Tuten's habeas petition will be denied.

      **I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      Tuten was convicted of third-degree murder, possession of the instrument of a crime, and criminal conspiracy on June 29, 1999 after a bench trial before the Honorable David N. Savitt of the Court of Common Pleas for Philadelphia County. *See Commonwealth v. Tuten*, No. 1246 EDA 2004, Mem. Op. at 1 (Pa. Super., Aug. 22, 2005). Tuten was sentenced to an aggregate term of twelve to forty years in prison. *See Commonwealth v. Henry Tuten a/k/a Tuten Henry*, No. 1480 EDA 2001, Mem. Op. at 1 (Pa. Super., May 7, 2002) .

      The facts leading to Tuten's conviction and incarceration, as found by the Superior Court

in Tuten's direct appeal[1], are as follows: On April 24, 1997, Tuten and Featherer drove to North Philadelphia, where Tuten lent Featherer his gun then waited in the car while Featherer approached Martinez to buy drugs. *See* May 7, 2002 Super. Ct. Op. at 1. Witnesses at the scene heard Martinez cry out after Featherer reached him. *Id.* at 2. Featherer dragged Martinez into an alley and fired two shots, one of which struck Martinez in the chest. *Id.* Featherer then returned to Tuten's car with Martinez's jacket and the two men sped from the scene. *Id.* On May 2, 1997, Tuten and William Featherer committed an armed robbery in Camden, New Jersey. *Id.* The getaway car used in that robbery was found to be the same car in which Tuten drove Featherer to and from the scene of the instant murder. *Id.* The gun used to commit the murder, which belonged to Tuten, was the same gun the pair used to commit the robbery. *Id.*

Following his conviction, Tuten petitioned for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (the "PCRA") but his petition was converted to a direct appeal *nunc pro tunc*. *See* Aug. 22, 2005 PCRA Super. Ct. Op. at 1. The Superior Court affirmed Tuten's conviction on May 7, 2002 and the Supreme Court of Pennsylvania denied allowance of appeal on September 27, 2002. *See Commonwealth v. Tuten,* 804 A.2d 62 (Pa. Super. May 7, 2002) (table), *allocatur denied*, 809 A.2d 903 (Pa. Sept 27, 2002) (table).

On January 13, 2003, Tuten again petitioned for PCRA relief and counsel was appointed to represent him. *See* Aug. 22, 2005 PCRA Super. Ct. Op. at 1. His petition was dismissed on

---

[1] Under 28 U.S.C. § 2254(e)(1), a state court's determination of a factual issue is presumed to be correct; a habeas petitioner has the burden of rebutting state-court findings of fact by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to both state trial and appellate courts. *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir. 1996); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001).

May 19, 2004. *Id.* at 2. Tuten appealed the dismissal in the Superior Court, which affirmed the PCRA court on August 22, 2005. *Id.* at 8. Asserting ineffective assistance of PCRA counsel, Tuten filed a third PCRA action on June 8, 2006. *See* June 8, 2006 PCRA Petition (Resp. Ex. K). That petition was dismissed by the PCRA court on March 30, 2007 as untimely. R&R at 2.

Tuten filed his original petition for habeas corpus in this court on May 3, 2006. The petition was not filed on the proper form. The court dismissed it without prejudice on May 19, 2006 and granted Tuten thirty days to re-file. On June 19, 2006, Tuten filed the instant petition on the proper form. In his petition for habeas corpus, Tuten asserted four grounds for relief: (1) insufficiency of the evidence; (2) trial court error in admitting evidence of a subsequent criminal act; (3) ineffective assistance of trial counsel for failure to move for dismissal of the criminal charges against Tuten pursuant to the Interstate Agreement on Detainers ("IAD"); and (4) ineffective assistance of counsel for failing to bring "to the attention of the trial judge . . . that [Tuten's] non-testifying co-defendant inculpated [Tuten] in his statement to police" *See* Hab. Pet. at ¶ 12(a)-(d). The District Attorney of Philadelphia (the "Commonwealth") timely responded. In his July 30, 2007 R&R, Judge Restrepo found grounds (1), (2), and (4) without merit and ground (3) procedurally defaulted. Contending that Judge Restrepo had unreasonably rejected each of his four claims for relief, Tuten filed timely Objections to the R&R on September 24, 2007 and supplemented his Objections on October 9, 2007.

**II.     DISCUSSION**

A district court reviews *de novo* those portions of a magistrate judge's Report and Recommendation to which objection is made. See 28 U.S.C. § 636(b)(1)(c). In his Objections to
3

the R&R, Tuten stated the following objections:

(1) the Magistrate's [sic] determination that petitioner's claim involving trial counsel's ineffectiveness for failing to move for dismissal under Articles III and IV of the Interstate Agreement on Detainers (and appeal counsel's ineffectiveness for failing to raise the claim) is defaulted is [sic] an erroneous determination of the law and facts in light of the evidence presented;

(2) the Magistrate's [sic] determination that the state court's rejection of petitioner's claim that the trial court erred by allowing evidence of petitioner's participation in an unrelated subsequent crime was unreasonable under the circumstances and in light of the evidence presented;

(3) the Magistrate's [sic] determination that the evidence was not insufficient to prove petitioner's guilt of conspiracy and possession of the instrument of a crime beyond a reasonable doubt was unreasonable in light of the evidence presented; and

(4) the Magistrate's [sic] determination that trial counsel was not ineffective for bringing to the attention of the trial court that petitioner's non-testifying co-defendant inculpated petitioner in his statement to police was unreasonable and erroneous in light of the facts and evidence presented.

For the reasons that follow, the court finds Tuten's ineffective assistance of counsel/Interstate Agreement on Detainers ("IAD") claim is procedurally defaulted and cannot be considered on the merits; the remainder of his claims lack merit and will be denied.

### 1. Ineffective Assistance of Counsel regarding the IAD

Tuten unsuccessfully attempted to raise this claim before the PCRA court. In his R&R, Judge Restrepo found it procedurally defaulted because the claim was not presented to the state courts and fit within none of the exceptions to that requirement. *See* R&R at 4. Judge Restrepo based his recommendation on the Pennsylvania Superior Court's finding, as a matter of Pennsylvania law, that Tuten had waived this claim because he had failed to file exhibits as required by Pennsylvania procedural rules. *See* R&R at 4. In his Objections, Tuten contends that he "substantially complied" with the Pennsylvania procedural rules requiring the filing of

transcripts since he requested the transcripts and they were never supplied.  In support Tuten argues that where the absence of a full certified record on appeal is not the fault of the petitioner, his case should not be prejudiced as a result.  *Commonwealth v. Johnson*, 860 A.2d 146, 148 (Pa. Super. 2004).   Tuten contends that as he substantially complied with the procedural rule by requesting the transcripts be delivered to the court, Judge Restrepo erred by finding his claim procedurally barred.  Tuten's claim is procedurally defaulted and may not be considered on the merits.

Before a federal court may consider granting habeas relief to a state prisoner, the prisoner must give the state courts an opportunity to act on his claims.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to an appellate state court.[2]  *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).  To satisfy the exhaustion requirement, a petitioner must show the claim raised in the federal petition was "fairly presented" to the state courts, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and that the claim presented is the substantial equivalent of the claim presented to the state courts, *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989).  If a petitioner cannot or did not obtain state court review of his claim because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas review.  *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991).

Although a federal court generally will not review a procedurally defaulted constitutional claim raised in a petition for a writ of habeas corpus, *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d

---

[2] A federal habeas petitioner need not appeal to the Pennsylvania Supreme Court to satisfy the exhaustion requirement.  *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004), *cert. denied*, 544 U.S. 1063 (2005).

Cir. 2004), there is an exception to this rule when the petitioner can show: (1) cause and prejudice for the procedural default; or (2) that a miscarriage of justice will occur absent review.

To demonstrate "cause and prejudice," the petitioner must show "some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." *Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004). "Examples of cause that are external to the defense include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim." *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (internal quotation marks omitted). The violation must also have resulted in actual prejudice. *Coleman*, 501 U.S. at 750. To demonstrate "actual prejudice," a petitioner must show that the errors at his trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

To demonstrate a "fundamental miscarriage of justice," the petitioner must typically show actual innocence. *Cristin*, 281 F.3d at 420. To overcome a procedural default for actual innocence, a habeas petitioner must show a constitutional violation is likely to have resulted in the conviction of a defendant who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner must show in light of new evidence it is more likely than not no reasonable juror would have convicted him. *Id.*

A petitioner may also overcome procedural default with a showing that the state procedural rule barring his claim is not independent and adequate. *Doctor v. Walters*, 96 F.3d 675, 683-684 (3d Cir. 1996). A state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule

speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal was consistent with other decisions. *Id.*

Tuten's claim was not presented on the merits to the state courts. He does not contend that he is actually innocent in order to take advantage of the miscarriage of justice exception. This court may not consider his claim unless Tuten shows cause for the procedural default or shows the state procedural rule was not independent and adequate. Tuten may not show cause for the default by asserting that the state court misapplied its own procedural rules in finding he had waived the claim before them; a federal court sitting in review of a habeas petition should not re-examine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Tuten also cannot successfully show cause for default, as he attempts to do at length in his Addendum to Objections, as a result of ineffective assistance of PCRA counsel. Although ineffective assistance of counsel may be adequate cause for default, the attorney's ineffectiveness must rise to the level of a Sixth Amendment violation. *Cristin*, 281 F.3d at 420. As there is no Sixth Amendment right to counsel in a PCRA proceeding, *Pennsylvania v. Finley*, 481 U.S. 551 (1987), ineffectiveness of PCRA counsel cannot establish cause for procedural default, *Cristin*, 281 F.3d at 420.

Tuten makes no allegation that the state procedural rule enforcing waiver when a petitioner fails to provide a certified record is not "consistently or regularly applied". Tuten failed to obtain state court review of his claim as a result of noncompliance with state procedural rules. Because none of the exceptions apply, this claim is procedurally defaulted. The court may not consider it on the merits. It will be denied.

### 2. Insufficiency of the Evidence

In his R&R, Judge Restrepo found the state court's adjudication of petitioner's claim regarding the sufficiency of the evidence did not conflict with federal law and was not a basis for habeas relief. Tuten objects to Judge Restrepo's finding that the evidence was sufficient to convict him, *see* Pet'r. Obj. at 1, and in particular to Judge Restrepo's finding that Tuten possessed the "intent of promoting or facilitating" third degree murder, *id.* at 2. Tuten's objections raise no argument not adequately and correctly addressed in the R&R.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus for a person serving a state court sentence shall not be granted unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law, or if the state court confronts a set of facts materially indistinguishable from that of a Supreme Court decision and yet arrives at a different result. *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). To meet the standard of the "contrary to" provision of § 2254, it is not sufficient for a petitioner to show simply that his interpretation of Supreme Court precedent is more plausible than that of the state court; to succeed, a petitioner must demonstrate that Supreme Court precedent requires the contrary outcome. *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999).

A state court decision involves an "unreasonable application" of clearly established

federal law if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular case. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 407-08. A federal court cannot grant a writ of habeas corpus based on an "unreasonable application" just because it independently concludes that the state court applied federal law erroneously or incorrectly, *Williams*, 529 U.S. at 411; the application of federal law must be objectively unreasonable, *id*. at 409. In other words, the petition should be granted based on "unreasonable application" only if the state court decision, evaluated objectively and on the merits, resulted in a outcome that cannot reasonably be justified under existing Supreme Court precedent. *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000), *cert. denied*, 532 U.S. 980 (2001).

In the R&R, Judge Restrepo examined the state court adjudication under the post-AEDPA application of *Jackson v. Virginia*, 443 U.S. 307 (1979), the controlling Supreme Court precedent on sufficiency of the evidence. After reviewing the facts, Judge Restrepo found the Superior Court applied the Pennsylvania equivalent of *Jackson* and AEDPA and concluded that under the AEDPA standard, the Superior Court's affirmance of Tuten's conviction was proper; it was neither contrary to nor an unreasonable application of Supreme Court precedent. After a *de novo* review of the record, Tuten's Objections, the relevant case law, and the R&R, this court has nothing to add to Judge Restrepo's well-reasoned conclusion and will adopt the R&R as to this claim.

### 3. Subsequent Crime

In his Objections, Tuten contends Judge Restrepo erred in not recommending habeas relief as a result of the trial court's admission of evidence of subsequent criminal acts. *See* Pet'r. Obj. at 3. Tuten contends that evidence of his guilty plea in the New Jersey robbery (in which

Tuten and Featherer used the same gun and same car as used to commit the murder) at his criminal trial was "not probative of any issue involved in the relevant case," Pet. Obj. at 3, and its probity was "so conspicuously outweighed by its inflammatory content as to violate [Tuten's] constitutional right to a fair trial," *id.* at 4.  In the R&R, Judge Restrepo discussed two bases for denying Tuten's claim: (1) to the extent his claim implicates a violation of state evidentiary rules, not federal law, his claim is not cognizable in a federal habeas proceeding; and (2) even if Tuten's claim could be construed as a violation of federal law, the evidence's probative value to establish identity was not outweighed by its inflammatory content.

After a *de novo* review of the record, Tuten's Objections, the relevant case law, and the R&R, this court agrees with Judge Restrepo's well-reasoned conclusion and has nothing further to add to his analysis.  The court will adopt his R&R as to this claim.

### 4.   Ineffective Assistance of Counsel regarding Co-Defendant's Statement

Tuten contends in his Objections that Judge Restrepo erred in finding no ineffective assistance of counsel.  Shortly before the start of Tuten's trial, trial counsel lodged an objection with the judge about the un-redacted admission of Featherer's statement as a violation of *Bruton v. United States*, 391 U.S. 123 (1968) and *Gray v. Maryland*, 523 U.S. 185 (1998).  The trial judge expressed some annoyance that Featherer's statements had not been redacted before the calendar judge and noted the delay and "possibl[e] prejudice" as a result of the inference that the statement might be incriminating.  Trial Tr. 6/24/99 at 282.  Featherer's statement was redacted to omit any direct reference to Tuten and Tuten's trial counsel withdrew his objection.

Judge Restrepo analyzed Tuten's claim under *Strickland v. Washingon*, 466 U.S. 668 (1984) and found that Judge Savitt expressly stated he did not rely on Featherer's statement in

finding Tuten guilty.  On direct appeal, the Superior Court, applying Pennsylvania ineffective-assistance precedent that comported with Supreme Court law, affirmed the conviction.  As there was no prejudice under *Strickland,* Tuten's claim was meritless.  Tuten objects on the ground that he has proved by clear and convincing evidence that his attorney's failure to have the statement redacted prior to trial prejudiced the judge against him.

      A habeas claim for ineffective assistance of counsel is governed by the two-part test of *Strickland*.  A petitioner must demonstrate: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance prejudiced the outcome of his case.  *Id.* at 687, 694.

      The standard under the first prong of the *Strickland* test is highly deferential.  The court must make:

> every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 694-95.  Under the second prong, a petitioner must show that but for his counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different.  *Id*. at 694; *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007).  A court need not address both prongs of the *Strickland* test if a petitioner makes an insufficient showing in one.  *Strickland*, 466 U.S. at 694.

      If a petitioner's ineffective-assistance claim has already been rejected by a reviewing state court, a federal court may grant habeas relief only if the state-court decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d)(1).

Tuten's ineffective assistance claim was reviewed by the Superior Court in his PCRA appeal, so it may only be granted if the Superior Court's disposition was contrary to or an unreasonable application of Supreme Court precedent. *See id*. After a *de novo* review of the record, Tuten's Objections, the relevant case law, and the R&R, this court has nothing to add to Judge Restrepo's well-reasoned analysis of this issue. This ineffective assistance of counsel claim will be denied; the R&R will be approved and adopted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY TUTEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANKLIN J. TENNIS ET AL.** | : | **NO. 06-1872** |

## ORDER

    **AND NOW**, this 13th day of August, 2008, upon consideration of the petition for writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, Petitioner's Objections and Addendum to the Report and Recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**.

    2.    The petition for a writ of habeas corpus is **DENIED**.

    3.    Petitioner's objections are **OVERRULED**.

    4.    Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

      /s/ Norma L. Shapiro
                S.J.